746

Juan Vargas et al., Petitioners, *v.* District Court
of Aguadilla, Respondent.

No. 1038.    Argued June 24, 1935.—Decided June 28, 1935.

*Enrique Báez García* for petitioners.    *José D. Rodríguez* and *Francisco Acevedo* for plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the petition of Juan and Concepción Vargas, through their attorney, there was issued in the instant case a writ of certiorari to review an order of the District Court of Aguadilla refusing to dismiss an appeal before it in an action of debt brought, in the Municipal Court of Lares, by Abdón Carrero against Estanislao Vargas.

The original record sent up shows that the appellee moved to dismiss, based on the provisions of Act No. 31 of 1934 (Session Laws, p. 292), to wit: "that the appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case," and the decision of this Supreme Court in *Guerra* v. *Carrión,* 47 P.R.R. 757, in regard to the immediate application of said act not only to actions instituted from and after it went into effect but also to those already instituted.

The record also shows that on November 11, 1932, the appellants requested the inclusion of their case in the calen-

dar, through a written motion to which a five-dollar stamp was affixed.

■ This being so, it can not be held that the appellants failed to request the inclusion of their case in the calendar. Act No. 31 of 1934 (Session Laws, p. 292) may not be construed in the sense of requiring a new request for inclusion. That was not the situation that arose in the case of *Guerra* v. *Carrión, supra,* or in that of *Manrique* v. *District Court, ante,* p. 600, in both of which said act was applied.

■ The fact that the appellant, once the action was included in the calendar, failed to apply for the setting of a day for the trial, is no ground for dismissal, according to the act invoked. Construing a previous, similar statute, this court in the case of *W. I. Cox Co., Inc.* v. *District Court of Humacao et al.,* 36 P.R.R. 179, said:

"Subdivision 3, letter (*b*), of Act No. 93 to regulate appeals from judgments of municipal courts, approved March 31, 1919 (1917 (2) appendix), which is pertinent to the case, reads:

" 'In case appellant fails to solicit the inclusion of the action in the calendar, the district judge shall dismiss the action, taxing the costs upon the appellant, and the secretary shall immediately forward the case to the lower court for the execution of the judgment appealed from.'

"This provision is clear in its wording and directs the district judge to dismiss an appeal when the appellant fails to have his case included in the calendar; therefore, under section 13 of the Civil Code the letter of the law shall not be disregarded in order to apply its spirit, and still less shall be read into it words and concepts not contained therein, as occurs in this case where, though the law provides that an appeal shall be dismissed only when the appellant fails to request the inclusion of the case in the calendar, the court below dismissed the appeal on another ground not stated in the law. Nor was this the spirit of the law, because after the inclusion of the case in the calendar the expedition of the law was attained in the proceeding, for either of the parties could apply for the setting of a day for the trial."

Therefore, as the decision of the district court is correct, the writ issued must be discharged and the case remanded to the said district court for further proceedings in accordance with law.